UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 13-20077

RANDARIOUS THOMPSON,              Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

This case arises out of a claim by the United States of America ("the Government") that the Defendant, Randarious Thompson, violated 18 U.S.C. § 922(g)(1), which forbids felons from possessing firearms.

On April 17, 2013, Thompson filed a motion to suppress statements that he made to police officers after being arrested. Thompson alleges that the statements were made in violation of his Fifth and Sixth Amendment rights and urges the Court to enter an Order suppressing his statements. The Government opposes Thompson's motion to suppress. A hearing on the matter was held on June 25, 2013.

I.

On December 3, 2013, Thompson was arrested in Jackson, Michigan and questioned regarding a handgun found in a nearby grill. The parties present conflicting accounts of the interrogation. While they agree that Thompson was read his *Miranda* rights prior to being questioned, they do not agree whether and to what extent he was intoxicated. Thompson alleges that

he was under the influence of intoxicants and did not understand the officer's recitation of rights. (Def.'s Mot. Suppress. 2). Due to the "effects of his alcohol/drug use," Thompson did not "voluntarily, knowingly, and intelligently" waive his *Miranda* rights. (Def.'s Br. 1). Therefore, any statement he made should be suppressed. In contrast, the Government contends that Thompson was not under the influence of drugs or alcohol, that he repeatedly indicated that he understood his rights, and that he therefore voluntarily waived his *Miranda* rights.

The Court has received from the parties an audio-visual recording of the interrogation. The Court will rely on this recording to determine the events of the interrogation and Thompson's demeanor as far as they can be indisputably established. Within the first few minutes of the interview, Thompson admitted to drinking "a fifth" of alcohol the night before and that he was still recovering. Thompson indicated that he had not used drugs or consumed alcohol on the day of his arrest. (Def.'s DVD. 2:17:35-2:18:13). The interviewing officer then asked Thompson if he understood "what was going on around" him and if he was able to comprehend questions. (Def.'s DVD. 2:19:18-38). Thompson answered in the affirmative to both questions and stated that he "was straight." (Def.'s DVD. 2:19:38-43).

The interviewing officer then began reading Thompson his *Miranda* rights from a form. (Def.'s DVD. 2:19:53-21:13). The rights were read as follows:

> 1. I fully understand that I have the right to remain silent and need not to talk to anyone and that any statement or answer to questions I give can and will be used against me in a court of law.
> 2. I further understand that I have a right to consult with a lawyer and to have him or her present prior to and while answering questions or giving a statement.
> 3. I further understand that if I cannot afford an attorney the court will appoint one for me if I wish and that I may talk with him or her before I answer any questions or give any statement.

> 4. I understand that at any time during the course of making a statement I may exercise any of the rights that I could have exercised prior to making any statement and that upon the exercise of those rights all questions will cease.
> 5. I know these are my rights but I desire to waive them and I do not desire an attorney at this time and I voluntarily give the following statement without any threats or promises being made to me or against me or any others.

(Def.'s DVD. 2:19:53-21:13).

Thompson indicated that he understood the first, third and fourth warnings. (Def.'s DVD. 2:19:53-21:13). Thompson failed to clearly indicate that he understood the second and fifth warnings. (Def.'s DVD. 2:19:53-21:13). The officer then stated that he needed to ask Thompson some questions. (Def.'s DVD. 2:22:24-25). Before he could proceed, however, the officer said that he needed Thompson to sign the *Miranda* waiver. (Def.'s DVD. 2:22:26-27). Thompson hesitated and acknowledged that signing the waiver would relinquish his *Miranda* rights. (Def.'s DVD. 2:22:47-49). The officer then stated that Thompson did not have to sign the waiver. (Def.'s DVD. 2:23:00-03). Thompson ultimately refused to sign the waiver because doing so made him feel uncomfortable. (Def.'s DVD. 2:23:11-16). However, he proceeded to answer questions put to him by the officer, including questions regarding the handgun. (Def.'s DVD. 2:23:33).

Throughout the interview, Thompson appeared alert and communicated clearly. He responded coherently to an overwhelming majority of the questions he was asked. He did not slur his words or slouch over, and he appeared to sustain repeated eye contact with the officer.

II.

In order for a defendant's confession to be admissible under the Fifth Amendment, the defendant must "voluntarily, knowingly and intelligently" waive his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *see Colorado v. Connelly*, 479 U.S. 157, 169 (1986). Whether a defendant has waived his *Miranda* rights involves a two-pronged inquiry. *Moran v. Burbine*, 475

3

U.S. 412, 421 (1986). The first prong involves the voluntariness of the confession. *Id.*; *see United States v. Montgomery*, 621 F.3d 568, 573 (6th Cir. 2010). Under the three-factor test established by the Sixth Circuit, a confession is involuntary if (1) it was "'extorted . . . from the accused by means of coercive activity'"; (2) the coercive activity was "sufficient to overbear the will of the accused"; and (3) the accused's will "was overborne *because* of the coercive police activity in question." *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988) (emphasis in original) (quoting *United States v. Rohrbach*, 813 F.2d 142, 144 (8th Cir. 1987)). Whether this test is satisfied depends on the "totality of the circumstances," which includes, among other relevant factors, coercive police activity; the length, location, and continuity of the defendant's interrogation; the defendant's maturity, education, and physical and mental condition; and whether the defendant was advised of his *Miranda* rights. *Abela v. Martin*, 380 F.3d 915, 928 (6th Cir. 2004).

Although the "voluntary" inquiry analyzes multiple factors, it ultimately hinges on the existence of coercive police activity. *Connelly*, 479 U.S. at 167. Coercive activity "is a necessary predicate to the finding that a confession is not 'voluntary.'" *Id.* Instead of giving dispositive weight to "'moral and psychological pressures to confess emanating from sources other than official coercion,'" the "sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion." *Id.* at 170 (quoting *Oregon v. Elstad*, 470 U.S. 298, 305 (1985)). Therefore, whether a defendant has waived his *Miranda* rights and "voluntarily" confessed cannot rest on his state of mind alone. *Id.* at 165; *see United States v. Newman*, 889 F.2d 88, 94-95 (6th Cir. 1989); *United States v. Chapman*, 112 Fed. App'x 469, 474 (6th Cir. 2004) (affirming the admission of a confession made while the defendant was in a "heroin-befuddled" mental state because there was no allegation of police coercion).

4

The second prong of the *Miranda* inquiry focuses on whether the defendant "knowingly and intelligently" relinquished his rights. *Moran*, 475 U.S. at 421. In order for a waiver to satisfy this prong, the defendant must be fully aware "of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* Like the "voluntary" prong, this inquiry depends on the "totality of the circumstances surrounding the interrogation," including the defendant's "age, experience, education, background, and intelligence, and . . . whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." *Fare v. Michael C.*, 442 U.S. 707, 725 (1979). The defendant does not have to understand "every possible consequence of a waiver of the Fifth Amendment privilege," but he must know that "he [could] choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time." *Garner v. Mitchell*, 557 F.3d 257, 261 (6th Cir. 2009) (alteration in original) (quoting *Colorado v. Spring*, 479 U.S. 564, 574 (1987)).

To be sure, a defendant does not have to expressly waive his *Miranda* rights in order for his confession to be made "knowingly and intelligently." *Berghuis v. Thompkins*, 560 U.S. 370, 130 S. Ct. 2250, 2261-62 (2010). As long as the "prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent." *Id.* at 2262. Furthermore, similar to the "voluntary" prong, the influence of drugs and alcohol, alone, is not enough to prove that a defendant did not understand his *Miranda* rights or that he waived his rights unknowingly or unintelligently. *See Montgomery*, 621 F.3d at 573-74; *United States v. Dunn*, 269 F. App'x 567, 572-73 (6th Cir. 2008) (holding that the influence of Vicodin and marijuana, when defendant was otherwise "alert, coherent, and lucid" during interrogation, failed to render the defendant's waiver unknowing).

III.

In his brief, Thompson does not allege police coercion. Instead, he contends that he was incapable of "voluntarily, knowingly and intelligently" waiving his *Miranda* rights because he was under the influence of drugs and alcohol. However, a defendant's reliance on mental condition alone cannot render his confession involuntary. *Connelly*, 479 U.S. at 164; *see Newman*, 889 F.2d at 94. Since Thompson has failed to demonstrate, or even allege, any police coercion, his confession cannot be considered involuntary. *See Abela*, 380 F.3d at 928.

Despite the overwhelming precedent requiring a defendant to allege coercive police activity, the Sixth Circuit has been willing to consider whether extreme intoxication renders a confession involuntary. *See Montgomery*, 621 F.3d at 572-75 (comparing the standards of consent-to-search under the Fourth Amendment and *Miranda* waivers under the Fifth Amendment and noting that "in some settings, the influence of drugs . . . or alcohol may tip the balance in favor of finding a lack of [mental] capacity."). However, the Sixth Circuit has suggested that a defendant must be at or near total incapacitation in order to use intoxication as proof that his confession was involuntary. *See id.* Thompson's demeanor during the interrogation, including his body language, clear communication and repeated eye contact, does not indicate that he reached a level of extreme intoxication at which his confession could be considered involuntary. *See, e.g.*, *United States v. Treadwell*, 11 Fed. App'x 502, 510 (6th Cir. 2001) (unpublished) (finding that ingestion of more than five times the prescribed dose of Trazodone prior to interrogation did not make defendant's confession involuntary); *Marcum v. Knight*, 922 F.2d 841, *3 (6th Cir. 1991) (unpublished) (concluding that defendant's blood alcohol level of 0.25 was insufficient to render confession involuntary).

Thompson also fails to satisfy the second prong of the *Miranda* inquiry. Throughout the interrogation, Thompson appeared alert and communicated clearly with the officer. *See Dunn*, 269 F. App'x at 573. While being read his *Miranda* rights, Thompson indicated that he understood that any statement he made could be used against him and that he had a right to consult with counsel prior to making any statement. He therefore comprehended the warnings read to him and the consequences of waiving his rights. The absence of Thompson's signature on the *Miranda* warning form does not change this conclusion. *See Berghuis*, 560 U.S. 370, 130 S. Ct. 2250, 2261-62 (2010) (concluding that so long as the defendant understood his rights, "[t]he prosecution . . . does not need to show that a waiver of *Miranda* rights was express."). Even assuming that Thompson was under the influence of drugs and alcohol, such intoxication still does not render his confession unknowing under the "totality of the circumstances" approach. *See Montgomery*, 621 F.3d at 573-74; *Dunn*, 269 F. App'x at 572.

IV.

For the reasons that have been stated above, Thompson's motion to suppress his statements is denied (ECF 22).

IT IS SO ORDERED.

Date: June 26, 2013                                          s/Julian Abele Cook, Jr.
                                                             JULIAN ABELE COOK, JR.
                                                             U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 26, 2013.

                                                             s/ Kay Doaks
                                                             Case Manager